**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PATRICIA KRIDLER, Surviving Widow and Representative of the Estate of David Kridler,** | ) ) ) ) | **Case No. 5:09 CV 2679** |
| | ) | **Judge Dan Aaron Polster** |
| Plaintiff, | ) ) | |
| vs. | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| **ASHLAND INC., et al.,** | ) ) | |
| Defendants. | ) | |

Pending before the Court is the Motion to Remand and Motion for Attorney's Fees and Expenses ("Motion"). (**ECF No. 15**.) For the following reasons, the Motion is **DENIED**.

**I.**

On June 17, 2009 Plaintiff Patricia Kridler, Surviving Widow and Representative of the Estate of David Kridler, filed this wrongful death action against former employers and suppliers of those employers, alleging that David Kridler was exposed to BTEX and benzene-containing products in the workplace that resulted in his development of acute myeloid leukemia and his eventual death. On June 24, 2009, prior to any party filing a responsive pleading, Plaintiff (an Ohio citizen) filed a first amended complaint with the same allegations against Defendants Ashland, Inc. (a Kentucky citizen), Sunoco, Inc. (a Pennsylvania citizen), Monsanto (a Delaware citizen), Universal Cooperatives (a Minnesota citizen), Transue & Williams Stamping Co. (an Ohio citizen), Transue & Williams Stamping Co., Inc. (an Ohio citizen), Transue & Williams

Stamping Corp. (a Delaware citizen), and Champaign Landmark, Inc. (an Ohio citizen). (ECF No. 1-3.) On July 9, 2009, Plaintiff dismissed with prejudice Defendant Transue & Williams Stamping Co., Inc. (ECF No. 1-7.) On July 30, 2009, Plaintiff dismissed without prejudice Defendant Monsanto. (ECF No. 1-8.) On October 16, 2009, Plaintiff dismissed without prejudice Defendant Champaign Landmark, Inc. (ECF No. 1-9.) On October 27, 2009, Plaintiff dismissed with prejudice Defendant Universal Cooperatives.

Based on this record, the only remaining Defendants as of October 27, 2009 were Ashland, Sunoco, Transue & Williams Stamping Corp. and Transue & Williams Stamping Co. As of October 16, 2009, however, the only remaining Defendant that appeared to be an Ohio citizen was Transue & Williams Stamping Co.

On November 16, 2009, Defendants Ashland and Sunoco removed the case to federal court based on diversity jurisdiction. (ECF No. 1.) Among other things, the Removing Defendants correctly noted that Transue & Williams Stamping Corp. was a "dead" entity that surrendered its license to do business on January 22, 1988, thus it should not be considered in determining whether removal is appropriate. (Id. ¶ 9.) They also noted that Transue & Williams Stamping Co. had never been served with the amended complaint or summons, had never filed a responsive pleading, and contended that the mere naming of this entity could not defeat diversity jurisdiction. (Id. ¶ 10.)

Plaintiff quickly filed the pending Motion to Remand and Motion for Attorney's Fees and Expenses. (ECF No. 15.) Therein, Plaintiff argues that removal was not proper on the basis that Removing Defendants "failed to remove this case in the thirty day time period for removal prescribed by 28 UCS [sic] § 1446 where [Removing Defendants] had knowledge that Universal

Cooperatives, Inc., was a foreign corporation prior [to] November 23, 2009." (Motion at 4.) Plaintiff also argues that the Removing Defendants failed to obtain her consent before removing this case based on diversity jurisdiction. (Id. at 3-4.) These arguments lack merit.

As a preliminary matter, the Court makes several observations. First, Plaintiff does not object to removal on the basis that Transue & Williams Stamping Co., the only ostensible Ohio citizen remaining in this case at the time of removal, is a real entity, and the Court has found no record of this particular entity in the Ohio Attorney General's website. Since Plaintiff has not argued in her motion or reply brief that this particular entity precludes removal, the Court will assume that Plaintiff named this entity as a defendant only as a precaution to catch all possible namings of Transue & Williams. Second, defendants do not need the consent of plaintiffs before removing a case to federal court based on diversity jurisdiction. Third, although the complaint and first amended complaint list an Ohio address for Defendant Universal Cooperatives, both complaints clearly state that Universal Cooperatives is a Minnesota corporation. Thus, at no point does the presence of Universal Cooperatives preclude removal on the basis of diversity.

Rather, on this record, the only obstacle to removal of this case based on diversity jurisdiction is the presence of Champaign Landmark in the first amended complaint. Since Champaign Landmark was dismissed on October 16, 2009, the last date the Removing Defendants could timely remove this case was Monday, November 16, 2009. Since they removed the case on Monday, November 16, 2009, removal based on diversity jurisdiction was in fact timely and proper. Accordingly, the Motion to Remand and Motion for Attorney's Fees and Expenses (**ECF No. 15**) is hereby **DENIED**.

**IT IS SO ORDERED.**

        */s/Dan A. Polster    December 23, 2009*
**Dan Aaron Polster**
**United States District Judge**